**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**
_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                           Case No. 99-80869

CARL EDWARD SMITH,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S REQUEST FOR EXPUNGMENT

Defendant Carl Smith has filed a motion to expunge his record so as not to include his 2000 conviction for conspiracy to distribute marijuana under 21 U.S.C. § 846. (ECF Nos. 64, 33.) The government filed a response. (ECF No. 68.)

Defendant supports his motion with the claim that he was unaware that drugs were in his car when he was first found in possession by the police. He further argues that his conviction prevents him from obtaining a hunting license and getting a job at a rehabilitation center in Harrison, Michigan. Defendant does not allege any basis for the court's jurisdiction.

"[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case." *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Inter., Ltd.*, 556 F.3d 459, 465 (citing *Thornton v. Southwest Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990)). For motions to expunge a criminal record, if "there is no statutorily-grounded permission [to exercise jurisdiction] . . . federal courts may assert ancillary jurisdiction." *United States v. Field*, 756 F.3d 911, 915 (6th Cir. 2014). However, "federal courts lack ancillary jurisdiction over motions for expungement that are grounded on

purely equitable considerations – *e.g.*, motions alleging that the movant has maintained good conduct and that the record of arrest harms the movant's employment opportunities." *Id.*; *United States v. Lucido*, 612 F.3d 871 (6th Cir. 2010) (finding that the Supreme Court's decision in *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 114 S.Ct. 1673 (1994) disallowed ancillary jurisdiction where the defendant sought expungement based on reputational damage); *United States v. Edwards*, 2012 WL 4211486 (E.D. Mich. Sep. 20, 2012) (Cleland, J.); *United States v. Childs*, 2011 WL 768068 (E.D. Mich. Feb. 28, 2011). Jurisdiction is *possible* only when a defendant "challenge[s] an unconstitutional conviction or an illegal arrest or . . . otherwise base[s] [his or her motion] upon a constitutional claim."[1] *United States v. Field*, 756 F.3d 911, 915 (6th Cir. 2014).

Here, Defendant alleges no statutory basis for jurisdiction. Further, he does not challenge the legality or constitutionality of his underlying conviction. *Field*, 756 F.3d at 915. Instead, he asks the court to consider the sympathetic factual surroundings of his conviction, his inability to engage in recreational hunting, and his challenges obtaining employment. These are equitable considerations that do not provide this court with jurisdiction. *Id.*

Given that the court lacks both statutory and ancillary jurisdiction, Defendant's motion to expunge his criminal record is denied. Accordingly,

---

[1] There remains uncertainty as to whether expungement motions provide federal courts with ancillary jurisdiction *in any circumstance*. Compare *Lucido*, 612 F.3d at 875 ("[F]ederal courts lack ancillary jurisdiction to consider expungement motions."), *with United States v. Carey*, 602 F.3d 738, 740 (6th Cir. 2010) ("An order on a motion to expunge a conviction is within the equitable jurisdiction of a federal district court").

IT IS ORDERED that Defendant's Request for Expungement (ECF No. 64) is DENIED.

                                                 s/Robert H. Cleland          /
                                                 ROBERT H. CLELAND
                                                 UNITED STATES DISTRICT JUDGE

Dated: October 10, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 10, 2019, by electronic and/or ordinary mail.

                                                 s/Lisa Wagner                /
                                                 Case Manager and Deputy Clerk
                                                 (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\99-80869.SMITH.RequestforExpungement.RMK.docx